IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOEHRINGER INGELHEIM PHARMACEUTICALS INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> INVAGEN PHARMACEUTICALS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. _____ |

## COMPLAINT

Plaintiffs, Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Corporation, by their undersigned attorneys, for their Complaint against Defendant, InvaGen Pharmaceuticals, Inc., hereby allege as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant's submission of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiffs' JARDIANCE® (empagliflozin) tablets prior to the expiration of United States Patent No. 9,949,998.

### THE PARTIES

2. Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3. Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

4. Plaintiff Boehringer Ingelheim Corporation ("BIC") is a corporation organized and existing under the laws of Nevada, having a principal place of business at 900 Ridgebury Road, Ridgefield, CT, 06877.

5. BIPI, BII, and BIC are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6. On information and belief, Defendant InvaGen Pharmaceuticals, Inc. ("InvaGen") is a corporation organized and existing under the laws of New York, having a principal place of business at 7 Oser Ave., Hauppauge, New York 11788.

7. On information and belief, InvaGen is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of Delaware, through its own actions and through the actions of its agents and subsidiaries, from which InvaGen derives a substantial portion of its revenue.

8. On information and belief, InvaGen prepared and submitted ANDA No. 213330 (the "InvaGen ANDA") for InvaGen's 10 mg and 25 mg empagliflozin tablets (the "InvaGen ANDA Products"). Following FDA approval of the InvaGen ANDA, InvaGen will manufacture, market and sell the approved generic products throughout the United States.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

10. In an email dated November 9, 2018, InvaGen stated that it "will consent to jurisdiction and venue in the District of Delaware only for the purposes of any litigation brought by Boehringer arising out of InvaGen's ANDA No. 212330."

## PERSONAL JURISDICTION OVER INVAGEN

11. Plaintiffs reallege paragraphs 1-10 as if fully set forth herein.

12. On information and belief, InvaGen develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

13. This Court has personal jurisdiction over InvaGen because, *inter alia*, InvaGen, on information and belief: (1) has substantial, continuous, and systematic contacts with this State either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute infringing InvaGen ANDA Products to residents of this State upon approval of ANDA No. 212330, either directly or through at least one of its wholly-owned subsidiaries or agents; and (3) enjoys substantial income from sales of its generic pharmaceutical products in this State.

14. In an email dated November 9, 2018, InvaGen stated that it "will consent to jurisdiction and venue in the District of Delaware only for the purposes of any litigation brought by Boehringer arising out of InvaGen's ANDA No. 212330."

15. On information and belief, InvaGen has not contested jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in

such cases. *See, e.g.*, *Bayer Intellectual Prop. GmbH v. InvaGen Pharms., Inc.*, C.A. No. 17-812-RGA (D. Del.).

## BACKGROUND

### U.S. PATENT NO. 9,949,998

16. On April 24, 2018, the USPTO duly and legally issued United States Patent No. 9,949,998 ("the '998 patent") entitled "Pharmaceutical Composition, Methods for Treating and Uses Thereof" to inventors Uli Christian Broedl, Sreeraj Macha, Maximilian von Eynatten, and Hans-Juergen Woerle. A true and correct copy of the '998 patent is attached as Exhibit 1. The '998 patent is assigned to BII. BIC and BIPI are licensees of the '998 patent.

### JARDIANCE®

17. BIPI is the holder of New Drug Application ("NDA") No. 204629 for empagliflozin, for oral use, in 10 mg and 25 mg dosages, which is sold under the trade name JARDIANCE®.

18. JARDIANCE® is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations database ("Orange Book") as having New Chemical Exclusivity until August 1, 2019.

19. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '998 patent is among the patents listed in the Orange Book with respect to JARDIANCE®.

20. The '998 patent covers the JARDIANCE® product and its use.

### ACTS GIVING RISE TO THIS ACTION

### COUNT I—INFRINGEMENT OF THE '998 PATENT

21. Plaintiffs reallege paragraphs 1-20 as if fully set forth herein.

22. On information and belief, InvaGen submitted the InvaGen ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the InvaGen ANDA Products.

23. InvaGen has represented that the InvaGen ANDA refers to and relies upon the JARDIANCE® NDA and contains data that, according to InvaGen, demonstrate the bioavailability or bioequivalence of the InvaGen ANDA Products to JARDIANCE®.

24. Plaintiffs received a letter from InvaGen on or about October 2, 2018, stating that InvaGen had included a certification in the InvaGen ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '998 patent are either invalid or will not be infringed by the commercial manufacture, use, or sale of the InvaGen ANDA Products (the "InvaGen Paragraph IV Certification"). InvaGen intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the InvaGen ANDA Products prior to the expiration of the '998 patent.

25. InvaGen has infringed at least one claim of the '998 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the InvaGen ANDA, by which InvaGen seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the InvaGen ANDA Products prior to the expiration of the '998 patent.

26. InvaGen has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the InvaGen ANDA Products in the event that the FDA approves the InvaGen ANDA. Accordingly, an actual and immediate controversy exists regarding InvaGen's infringement of the '998 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

27. InvaGen's manufacture, use, offer to sell, or sale of the InvaGen ANDA Products in the United States or importation of the InvaGen ANDA Products into the United States during

the term of the '998 patent would further infringe at least one claim of the '998 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

28. On information and belief, InvaGen's ANDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '998 patent either literally or under the doctrine of equivalents.

29. On information and belief, the use of InvaGen's ANDA Products constitutes a material part of at least one of the claims of the '998 patent; InvaGen knows that its ANDA Products are especially made or adapted for use in infringing at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents; and the InvaGen ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

30. On information and belief, the offering to sell, sale, and/or importation of the InvaGen ANDA Products would contributorily infringe at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents.

31. On information and belief, InvaGen had knowledge of the '998 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents.

32. On information and belief, the offering to sell, sale, and/or importation of the InvaGen ANDA Products by InvaGen would actively induce infringement of at least one of the claims of the '998 patent, either literally or under the doctrine of equivalents.

33. On information and belief InvaGen does not deny that the InvaGen ANDA Products will infringe the claims of the '998 patent and in the InvaGen Paragraph IV Certification, InvaGen did not deny that the InvaGen ANDA Products will infringe the claims of the '998 patent.

34. Plaintiffs will be substantially and irreparably harmed if InvaGen is not enjoined from infringing the '998 patent.

35. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against InvaGen and for the following relief:

a. A Judgment be entered that InvaGen has infringed at least one claim of the '998 patent by submitting the InvaGen ANDA;

b. A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

c. That InvaGen, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '998 patent, and (ii) seeking, obtaining or maintaining approval of ANDAs until the expiration of the '998 patent or such other later time as the Court may determine;

d. A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of InvaGen's ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the '998 patent, including any extensions;

e. That Boehringer be awarded monetary relief if InvaGen commercially uses, offers to sell, or sells its respective proposed generic versions of JARDIANCE® or any other product that infringes or induces or contributes to the infringement of the '998 patent, within the United States, prior to the expiration of that patent, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

f. Costs and expenses in this action; and

g. Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Leora Ben-Ami
Jeanna M. Wacker
Christopher T. Jagoe
Mira A. Mulvaney
Sam Kwon
Ashley Ross
Justin Bova
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

November 13, 2018